[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 18, 1996
The plaintiff in this administrative appeal is a retired firefighter who appeals from the decision of the defendant Retirement Board of the City of Waterbury ("Board") to reduce the amount of his disability pension. The appeal is brought to this court pursuant to a provision of the Waterbury City Charter which permits such an appeal.
The Board does not dispute that it did decrease the plaintiff's disability pension from $75,727.20 per year, paid in monthly payments of $6,310, to $72,186.72 annually, paid in CT Page 5390 monthly payments of $6,015.56. However, in its answer to the appeal, the Board filed a special defense alleging that § 415 of the Internal Revenue Code required the Board to reduce the pension because the amount of the pension exceeded limits imposed by § 415. The plaintiff moved to strike this special defense as legally insufficient, claiming that § 415 does not require the Board to pay pension benefits in amounts less than those called for in the contract between the City of Waterbury and the firefighters' union. The court (Flynn, J.) agreed and granted the motion to strike. In a well-reasoned decision, the court found that § 415 of the Internal Revenue Code did not require the Board to reduce the plaintiff's pension. Rather, § 415 provides that a pension trust which pays benefits in excess of those set forth in the section is no longer a qualified pension and loses the favorable tax treatment enjoyed by a qualified pension. This court believes that the decision granting the motion to strike was correctly decided and it is the law of the case.
The Board in its answer to the appeal disputed the plaintiff's alleged aggrievement and also that the Board acted illegally in reducing his pension. At the hearing on the appeal, the plaintiff established his aggrievement with the testimony that his pension payments as reduced by the Board are approximately $300 per month less than the payments to which he is entitled under the union contract. The court finds that the plaintiff is aggrieved.
With respect to the issue whether the Board acted illegally in reducing the plaintiff's pension to the maximum amounts set forth in § 415, the Board argues that its decision was a discretionary one taken to protect the pension from disqualification and its unfavorable tax consequences. This claim is untenable, however, for at least two reasons. First, it ignores the City's contractual obligation to pay the plaintiff a disability pension calculated in accordance with the terms of the union contract. The Board cannot breach a contract and take away accrued benefits in order to protect the qualified status of a pension plan. Schierholz v. Goldman Financial Group, 875 F. Sup. 595,598 (E.D.MO. 1995). The Board therefore lacks discretion in the matter. Secondly, this claim ignores other possible remedies which could be employed to avoid disqualification. For example, the Board's actuaries recommended that the City find other sources for payment of that portion of the benefit which exceeds the limits set forth in § 415. CT Page 5391
The court concludes that the Board acted illegally in reducing the plaintiff's disability pension benefit so that the benefit would not exceed the applicable limits set forth in § 415 of the Internal Revenue Code. The plaintiff also seeks an award of interest on the pension payments wrongfully withheld from him. He included a claim for interest in his claim for relief in this appeal. The City and the Board object to any award of interest, contending that it would be inappropriate for the court to award interest in an administrative appeal.
This action clearly was brought solely as an appeal from the Board's decision to reduce the plaintiff's disability pension benefits. No effort was made to join a civil cause of action for money damages and interest. The relief sought by the plaintiff as set forth in his claim for relief exceeds the relief customarily granted in an administrative appeal. Division 2, § 2709 of the Waterbury City Charter, pursuant to which this appeal is brought, provides
 [t]he court, upon such an appeal, and after the hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from.
Because this appeal was brought pursuant to § 2709, the court's authority is limited by this section. The court cannot award interest because an award of interest is not authorized under § 2709.
The decision of the Board is reversed and this appeal is sustained.
VERTEFEUILLE, J.